ALEXANDER B. TRUEBLOOD (Cal. Bar No. 150897)
TRUEBLOOD LAW FIRM
10940 Wilshire Boulevard, Suite 1600
Los Angeles, California 90024
Telephone: (310) 443-4139
Facsimile: (310) 943-2255

BRANDON A. BLOCK (Cal. Bar No. 215888)
LAW OFFICES OF BRANDON A. BLOCK
A PROFESSIONAL CORPORATION
433 North Camden Drive, Suite 600
Beverly Hills, California 90210
Telephone: (310) 887-1440
Facsimile: (310) 496-1420

Attorneys for Plaintiff
BARBARA CLARK

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA A. CLARK,<br><br>   Plaintiff,<br><br>vs.<br><br>PAR, INC. dba PAR NORTH AMERICA, COUNTRY WIDE TOWING, INC. dba RELIABLE RECOVERY SOLUTIONS, and DOES 1 through 10, inclusive,<br><br>   Defendants. | Case No: 15-CV-02322<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>**(1) VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**(2) VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**(3) VIOLATIONS OF THE COLLATERAL RECOVERY ACT**<br><br>**(4) CONVERSION**<br><br>**(5) UNFAIR COMPETITION** |

COMPLAINT

Plaintiff Barbara Clark hereby complains against defendants Par, Inc. dba Par North America ("Par North"), Country Wide Towing, Inc. dba Reliable Recovery Solutions ("Reliable"), and Does 1-10, and alleges on information and belief as follows:

## OPERATIVE FACTS

1. Plaintiff obtained a "title" loan from Wilshire Consumer Credit Corporation for personal, family or household purposes. The loan was secured by plaintiff's vehicle, a 2004 Chrysler Town & Country. Wilshire Consumer Credit hired defendant Par North, as an independent contractor, to repossess of plaintiff's vehicle. Par North was not, and is not, a licensed repossession agency in California. Par North in turn hired defendant Reliable Recovery Solutions as its agent to conduct the physical taking of plaintiff's vehicle at the location provided by Par North. Wilshire Consumer Credit had no dealings with Reliable Recovery Solutions. The entire repossession process was controlled by Par North.

2. Defendant Reliable repossessed plaintiff's vehicle by entering private property which was secured by a locked gate and fence, without permission. Accordingly, Reliable breached the peace in conducting the repossession of plaintiff's vehicle, in violation of Commercial Code § 9609 and the Collateral Recovery Act, Bus. & Prof. Code § 7508.2(d).

3. In further violation of the Collateral Recovery Act, Bus. & Prof. Code §§ 7507.9 and 7507.10, Reliable failed to notify plaintiff of the seizure of the vehicle within 48 hours, and failed to mail her a written inventory of the items it had seized. Plaintiff demanded her personal property in the vehicle back, and Reliable told her it would not return the property until Wilshire Consumer Credit approved.

4. Plaintiff called Par North and complained that Reliable had unlawfully entered plaintiff's private property to conduct the repossession. Par North falsely told plaintiff that it had every legal right to enter her secured private property.

1

COMPLAINT

5. Wilshire Consumer Credit returned plaintiff's vehicle only after she paid Wilshire Consumer Credit $1,290.52 to reinstate the contract, which included Par North's illegal repossession fees in the amount of $390.. Plaintiff is informed and believes that Wilshire Consumer Credit paid Par North these fees, and Par North paid a portion of them to Reliable. Par North retained as profit part of the repossession fees paid by plaintiff, which it was not permitted to do as an unlicensed repossession agency in California.

6. Par North's unlawful conduct with respect to plaintiff is but one example of its illegal business practices in California. Over at least the last four years, Par North has orchestrated, managed and profited from the repossessions of hundreds or thousands of vehicles in California, without ever obtaining a California repossession license. Plaintiff therefore brings this case as a class action, to obtain disgorgement of the unlawful gains which Par North has acquired through its unfair competition.

**JURISDICTION AND VENUE**

7. The court has jurisdiction over this matter pursuant to 15 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). The court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

8. Venue is proper in the Central District of California because a substantial part of the events or omissions giving rise to the claim occurred in this district, and defendants are subject to the court's personal jurisdiction in this district.

**PARTIES**

9. Plaintiff is a natural person over the age of 18 years and is a resident of the state of California.

10. Defendant Par, Inc. dba Par North America is an Indiana corporation doing regular and continuous business in California, which has failed to register as a foreign corporation in California.

11. Defendant Country Wide Towing, Inc. dba Reliable Recovery Solutions is a California corporation.

12. Defendants Does 1 through 10 are persons or entities whose true names and capacities are presently unknown to plaintiff, and who therefore are sued by such fictitious names.  Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants perpetrated some or all of the wrongful acts alleged herein, is responsible in some manner for the matters alleged herein, and is jointly and severally liable to plaintiff.  Plaintiff will seek leave of court to amend this complaint to state the true names and capacities of such fictitiously named defendants when ascertained.

13. Except as specifically noted herein, each defendant was the agent or employee of each of the other defendants and was acting within the course and scope of such agency or employment.  The defendants are jointly and severally liable to plaintiff.

## CLASS ALLEGATIONS

14. Pursuant to applicable law, plaintiff brings this action on behalf of a class of all other persons similarly situated.  Plaintiff brings this action in a representative capacity to remedy the ongoing unlawful, unfair and fraudulent business practices alleged herein, and to seek redress on behalf of all those persons who have been affected thereby.

15. In the last four years, defendants Par North and the Doe defendants have engaged in a pattern and practice of acting as a repossession agency in connection with California repossessions, without having obtained a California repossession agency license.  Defendants have engaged in business and systematically accepted employment to locate and/or recover collateral in California, pursuant to written agreements with secured creditors under security agreements.  In connection with their employment, defendants have, among other things, located (through skip-tracing and other means available to defendants)

collateral in California, and defendants have hired local repossession agencies as their agents to conduct recover the collateral on defendants' behalf at the location(s) provided by defendants. Defendants have engaged in these activities for consideration, and such consideration is an illegal profit which must be disgorged.

16. The proposed class consists of all persons (1) whose vehicle served as collateral under a security agreement entered into primarily for personal, family, or household purposes; and (2) whose vehicle was repossessed in California by Par North and/or any entity hired by Par North to conduct the repossession in the four years preceding the filing of this action..

17. Plaintiff is unable to state the precise number of potential members of the proposed class because that information is in the possession of defendants. They are so numerous that joinder of all members would be impracticable. The exact size of the proposed class, and the identity of the members thereof, will be readily ascertainable from the business records of defendants.

18. There is a community of interest among the members of the proposed class in that there are questions of law and fact common to them that predominate over questions affecting only individual members. These questions include, inter alia, whether defendants were acting as a repossession agency within the meaning of the Collateral Recovery Act, in connection with the class members' vehicles, without the appropriate licensing. Proof of a common set of facts will establish the liability of defendants, and the right of each member of the class to recover.

19. Plaintiff's claims are typical of those of the class she represents, and she will fairly and adequately represent the interests of the class. Plaintiff is represented by counsel both competent and experienced in consumer protection and class action litigation.

20. A class action is superior to other methods for the fair and efficient adjudication of this controversy. Because the damages suffered by the individual class members may be relatively small compared to the expense and burden of

litigation, it would be impracticable and economically unfeasible for class members to seek redress individually. The prosecution of separate actions by the individual class members, even if possible, would create a risk of inconsistent or varying adjudications with respect to individual class members against defendants, and would establish incompatible standards of conduct for defendants.

### FIRST CAUSE OF ACTION
**(Class Action Against Defendants Par North and the Doe Defendants, and Individual Action Against Defendant Reliable and the Doe Defendants, for Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.)**.

21. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

22. Plaintiff is a "consumer" who allegedly owed a "debt", and defendants are "debt collectors", as those terms are defined at 15 U.S.C. § 1692a. Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

23. Defendants violated 15 U.S.C. § 1692f(6) by taking nonjudicial action to effect dispossession or disablement of property when (1) there was no present right to possession of the property claimed as collateral through an enforceable security interest; and/or (2) the property was exempt by law from such dispossession or disablement.

24. Defendant Reliable and the Doe Defendants had no present right to repossess plaintiff's vehicle because they breached the peace by entering secured and gated private property to do so, in violation of Commercial Code § 9609 and the Collateral Recovery Act, Bus. & Prof. Code § 7508.2(d).

25. Defendant Par North had no present right to take any action to repossess plaintiff's or other class members' vehicles, including hiring local licensed repossessors, or entering into a contracts with Wilshire Consumer Credit or other lenders, because it is an unlicensed repossession agency. Par North is a repossession agency within the meaning of Bus. & Prof. Code § 7500.2, in that it engages in business or accepts employment to locate or recover collateral, for

consideration. It is prohibited from such activities pursuant to Bus. & Prof. Code § 7502.

26. Plaintiff and the class are entitled to any actual damages sustained by them as a result of defendants' conduct, in an amount according to proof, pursuant to 15 U.S.C. § 1692k.

27. Against Par North, plaintiff and the class are entitled to statutory damages of $500,000 or 1% of the net worth of Par North, whichever is less, pursuant to 15 U.S.C. § 1692k. Defendants Par North and the Doe defendants have frequently and persistently failed to comply with the FDCPA, and have violated the FDCPA intentionally. The nature of defendants' violations justifies the maximum statutory damages award available.

28. Plaintiff is entitled to $1,000 in statutory damages against defendants Reliable and the Doe defendants, pursuant to 15 U.S.C. § 1692k. Defendants Reliable and the Doe defendants committed their violations willfully and knowingly, and have frequently and persistently failed to comply with the FDCPA. The nature of defendants' violations justifies the maximum statutory damages award available.

29. Plaintiff is entitled to the costs of the action, together with a reasonable attorneys fee, pursuant to 15 U.S.C. § 1692k.

30. Plaintiff seeks treble damages against Par North and the Doe defendants pursuant to Code of Civil Procedure § 1029.8.

WHEREFORE, plaintiff prays for relief as set forth below.

### SECOND CAUSE OF ACTION
**(Class Action Against Defendants Par North and the Doe Defendants, and Individual Action Against Defendant Reliable, and the Doe Defendants, for Violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788 et seq.)**

31. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

32. The California Legislature has found that "unfair or deceptive debt

6

COMPLAINT

collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers." Cal. Civ. Code § 1788.1(a)(2). It thus enacted the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, et seq. (the "Rosenthal Act"), to ensure the integrity of our banking and credit industry. Id. § 1788.1(b).

33. Plaintiff and the class are "debtors" within the meaning of Civil Code § 1788.2(h) in that they are natural persons from whom defendants sought to collect a "consumer debt" alleged to be due and owing by reason of a consumer credit transaction. "Debt" is defined under the Rosenthal Act to mean "money, property or their equivalent which is due or owing or alleged to be due or owing from a natural person to another person." Civil Code § 1788.2(d).

34. The defendants at all times relevant herein were "debt collectors" within the meaning of Civil Code § 1788.2(c), in that they regularly and in the ordinary course of business, on behalf of themselves or others, engage in acts and practices in connection with the collection of money or property which is due or alleged be due or owing by reason of a consumer credit transaction.

35. Defendants Reliable and the Doe defendants violated Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692e, by making false or misleading misrepresentations or omissions.

36. Defendants violated Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692f, by using unfair or unconscionable means to collect or attempt to collect an alleged debt.

37. As a proximate result of defendants' violations of the Rosenthal Act, plaintiff and the class have been damaged in amounts which are subject to proof. Plaintiff and the class are entitled to recover their actual damages pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(1), or in the alternative, Civil Code § 1788.30(a).

38. Defendant Reliable and the Doe defendant's violations of the

Rosenthal Act were willful and knowing. Plaintiff is entitled to recover statutory damages of $1,000 per defendant pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(2)(A), and Civil Code § 1788.30(b).

39.   Plaintiff and the class are entitled to statutory damages of $500,000 or 1% of the net worth of Par North, whichever is less, pursuant to Civil Code § 1788.17 and 15 U.S.C. § 1692k. Defendants Par North and the Doe defendants have frequently and persistently failed to comply with the FDCPA, and have violated the FDCPA intentionally.  The nature of defendants' violations justifies the maximum statutory damages award available.

40.   Plaintiff is entitled to recover her attorneys fees and costs pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(3), or in the alternative, Civil Code § 1788.30(c).

41.   Plaintiff seeks treble damages against Par North pursuant to Code of Civil Procedure § 1029.8.

WHEREFORE, plaintiff prays for relief as set forth below.

**THIRD CAUSE OF ACTION**
**(Individual and Private Attorney General Action Against Defendant Par North and the Doe Defendants For Violations of the Collateral Recovery Act, Bus. & Prof. Code § 7502.6)**

42.   Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

43.   Defendant Par North is a repossession agency within the meaning of Bus. & Prof. Code § 7500.2, in that it engages in business and/or accepts employment to locate or recover collateral, for consideration.  It is prohibited from these activities pursuant to Bus. & Prof. Code § 7502, because it is not licensed in California.

44.   Bus. & Prof. Code § 7502.6(a) provides that any member of the general public may bring an action against an unlicensed repossessor to recover civil fines of $10,000. Plaintiff seeks such civil fines of $10,000 against Par North.

45.   Plaintiff seeks treble damages and her reasonable attorneys fees and

8

COMPLAINT

costs against Par North, pursuant to Code of Civil Procedure § 1029.8.

**FOURTH CAUSE OF ACTION**
**(Individual Action Against Defendant Reliable and the Doe Defendants For Conversion)**

46. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

47. Plaintiff was entitled to immediate possession of her vehicle when it was repossessed by defendants.

48. Defendants wrongfully deprived plaintiff of possession of her vehicle by repossessing it without any present right to do so.

49. Plaintiff has suffered and is entitled to recover damages for defendants' conversion.

50. Defendants acted with malice, oppression, and/or fraud towards plaintiff within the meaning of Civil Code § 3294, thereby entitling her to an award of punitive damages. Defendants' corporate officers, directors, or managing agents are personally guilty of oppression, fraud or malice, had advance knowledge of the unfitness of the employees who acted towards plaintiff with malice, oppression, or fraud, employed such employees with conscious disregard for the rights or safety of others, and/or themselves authorized or ratified the wrongful conduct or knowingly accepted and retained the benefits of the wrongdoing.

WHEREFORE, plaintiff prays for relief as set forth below.

**FIFTH CAUSE OF ACTION**
**(Class Action Against Defendant Par North and the Doe Defendants For Violations of the Unfair Competition Law, Bus. & Prof. Code § 17200)**

51. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

52. Plaintiff files this cause of action as a class action to challenge and to remedy defendant's business practices. Business and Professions Code § 17200, et seq., often referred to as the "Unfair Competition Law," (hereinafter "the UCL") defines unfair competition to include any unlawful, unfair, or fraudulent business

9

act or practice.  The UCL provides that a court may order injunctive relief and restitution to affected members of the general public as remedies for any violations of the UCL.

53. Beginning on an exact date unknown to plaintiff, but at all times relevant herein and during the four years preceding the filing of the complaint in this action, defendants have committed, and continue to commit, acts of unfair competition.

54. The business acts and practices of defendants as hereinabove alleged constitute unlawful business practices in that, for the reasons set forth above, said acts and practices violate the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq), the Rosenthal Fair Debt Collection Practices Act (Civil Code § 1788 et seq); and the Collateral Recovery Act (Bus. & Prof. Code § 7500 et seq.).

55. The business acts and practices of defendants as hereinabove alleged, constitute unfair business practices in that said acts and practices offend public policy and are substantially injurious to consumers.  Said acts and practices have no utility that outweighs their substantial harm to consumers.

56. The business acts and practices of defendants as hereinabove alleged, constitute fraudulent business practices in that said acts and practices are likely to deceive the public and affected consumers as to their legal rights and obligations, and by use of such deception, may preclude consumers from exercising legal rights to which they are entitled.

57. As a direct and proximate result of the acts and practices described herein, defendants have received and collected substantial monies that they are not entitled to.

58. Plaintiff has suffered injury in fact and has lost money or property as a result of the unlawful, unfair and fraudulent acts and practices of defendants challenged herein.

59. Pursuant to Business and Professions Code § 17203, plaintiff seeks an

order that defendants provide appropriate restitution and disgorgement of illicit profits.

60. Pursuant to Code of Civil Procedure § 1021.5, plaintiff seeks recovery of her attorneys' fees, costs and expenses incurred in the filing and prosecution of this action.

WHEREFORE, plaintiff prays for relief as set forth below.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for the following relief:

1. For actual damages,
2. For treble damages pursuant to C.C.P. § 1029.8;
3. For statutory damages;
4. For civil penalties;
5. For punitive damages;
6. For restitution and disgorgement of illicit gains;
7. For pre-judgment interest to the extent permitted by law;
8. For an award of attorneys' fees, costs and expenses incurred in the investigation, filing and prosecution of this action; and
9. For such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury under the United States and California constitutions.

Dated: March __, 2015          Respectfully Submitted,

TRUEBLOOD LAW FIRM

By: _____/s/_____
Alexander B. Trueblood

11Attorneys for Plaintiff

COMPLAINT

BARBARA CLARK

COMPLAINT