# Exhibit 1

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

Barbara Clark
*Plaintiff*
v.
PAR, INC. dba PAR NORTH AMERICA, COUNTRY WIDE TOWING, INC. dba RELIABLE RECOVERY SOLUTIONS, et al
*Defendant*

Civil Action No. 15-CV-02322 MWF (FFMx)

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: Country Wide Towing, Inc. dba Reliable Recovery

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Attachment 1

| Place: | Date and Time: |
|---|---|
| Law Offices of Brandon Block, 433 North Camden Dr., Ste. 600, Beverly Hills, CA, 90210 | July 19, 2016, at 2:30 p.m. |

The deposition will be recorded by this method: Stenographically and video

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See Attachment 2

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: July 7, 2016

*CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*

OR

*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Barbara Clark, who issues or requests this subpoena, are:

Brandon Block, (310) 887-1440, email brandon@bblocklaw.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Attachment 1-Categories of Testimony

The deponent is not a natural person, and is required to produce its officers or managing employees who are most knowledgable as to the following topics:

1. The business activities, departments, and organization of Par, Inc. (hereinafter "Par").
2. The business activities, departments, and organization of Country Wide Towing, Inc. dba Reliable Recovery (hereinafter "Reliable).
3. Reliable's business relationship with Par, and what functions, activities, roles, and services each respectively provides or is obligated to perform with respect to enforcing security interests, including locating, repossessing, redeeming, transporting, or selling any automobiles which Par assigns for repossession.
4. Reliable's contract with Par, and what obligations each party to that contract has and/or fulfills.
5. Par's relationship with Adesa Auto Auction and what functions Par or Adesa perform after an automobile is disposed of after repossession.
6. How the vehicles which Par assigns for repossession are located, including through the use of Par's services, or the use of outside vendors to whose data Par has access; who pays any outside vendors and how much; the identities of the outside vendors.
7. The involvement and roles of Reliable and Par respectively, in communicating with any consumer debtors, after their vehicles are repossessed.
8. The repossession of plaintiff Barbara Clark's vehicle by Reliable on or about February 19, 2015, and the respective roles of Par and Reliable, or third parties, in locating, repossessing, transporting, redeeming or reinstating, conditioning, and/or selling, Ms. Clark's vehicle.
9. Any communications between Reliable, Par, and/or Barbara Clark concerning Barbara Clark, the repossession of Clark's vehicle, the redemption of Clark's

vehicle, or the return of Clark's personal items in her vehicle.

10. Westlake's and Par's communications with Reliable regarding Barbara Clark, the repossession of Barbara Clark's vehicle, or the personal items which Clark had in the vehicle.
11. Reliable's and Par's communications with any government official, including Karine Israelyan, regarding Barbara Clark, the repossession of Barbara Clark's vehicle, or the personal items which Clark had in the vehicle.
12. The contents, preparation, and storage, and reliability as business records of Reliable's contract(s) with Par, and any activity or communication logs concerning the repossession of Clark's vehicle.
13. How much Par pays Reliable for Reliable's services, including specific amounts for specific jobs completed; the amount which Reliable invoiced Par for, with respect to Clark's vehicle; why no invoice was sent to Par, if that is the case.
14. How much Par charged Westlake for services as to Clark's automobile, and the itemization or breakdown of those charges, by task; when and how much Westlake paid Par for these services.
15. The identity of any lenders with whom Par used to do business, but no longer does business.
16. The identity of any licensed repossession agencies in California with whom Par used to do business, but no longer does business.
17. Who controls the time, place and/or manner of any repossessions in which Reliable performs services for Par.
18. The business reasons why Reliable is signed up with Par's network.
19. How many repossessions per year that Reliable performed under contract with Par, for the years 2011 to the present.
20. The identities and last known addresses and phone numbers of any Reliable employees or ex-employees who performed any work regarding locating or

repossessing Barbara Clark's vehicle, including Colin Campbell.

Attachment 2-Documents to be Produced

1. Any documents, such as communications or activity logs, which reflect activities performed or communications by or between Reliable and Par, Inc., regarding the repossession of the vehicle of Barbara Clark in Lancaster, CA, on or about February 19, 2015 (License Plate 5FFR674).
2. Reliable's contracts with Par for the years 2011 to the present.
3. The complete file for the repossession of Clark's vehicle.
4. Any invoices or records of payment regarding the repossession of Clark's vehicle.

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 15-CV-02322 MWF (FFMx)

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* Country Wide Towing, Inc. dba Reliable Recovery on *(date)* 07/08/2016 .

☑ I served the subpoena by delivering a copy to the named individual as follows: Stacy Holzer (Person Apparently In Charge of Business). Description: 40/Female/5'4"/150 pounds/Caucasian/Blue eyes/Blonde hair at 37318 95th Street E, Littlerock, CA 93543 on *(date)* 7/14/16 @ 6:17PM ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ 40.00 .

My fees are $ 0.00 for travel and $ 92.00 for services, for a total of $ 92.00 .

I declare under penalty of perjury that this information is true.

Date: 07/15/2016

*Server's signature*

Francisco J. Navarro (Registered Process Server, #2014289093)

*Printed name and title*

Team Legal, Inc.
25876 The Old Road, Suite 314
Valencia, CA 91381

*Server's address*

Additional information regarding attempted service, etc.: