**MUSICK, PEELER & GARRETT LLP**
ATTORNEYS AT LAW
650 TOWN CENTER DRIVE, SUITE 1200
COSTA MESA, CALIFORNIA 92626-1925
TELEPHONE (714) 668-2400
FACSIMILE (714) 668-2490

David M. Lester (State Bar No. 119966)
 *d.lester@mpglaw.com*
Donald E. Bradley (State Bar No. 145037)
 *d.bradley@mpglaw.com*

Attorneys for Defendant PAR, INC. dba
PAR NORTH AMERICA

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| BARBARA A. CLARK,<br><br>Plaintiff,<br><br>vs.<br><br>PAR, INC. dba PAR NORTH AMERICA, COUNTRY WIDE TOWING, INC. dba RELIABLE RECOVERY SOLUTIONS, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:15-CV-02322 MWF (FFMx)<br><br>Hon. Michael W. Fitzgerald, Crtrm. 1600<br><br>**NOTICE OF MOTION AND MOTION OF PAR, INC. DBA PAR NORTH AMERICA FOR SUMMARY JUDGMENT BASED ON SUBSEQUENT FACTS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF TIM MASSINGALE; DECLARATION OF DONALD E. BRADLEY**<br><br>Date: October 31, 2016<br>Time: 10:00 a.m.<br>Crtrm.: 1600 |

1013292.1

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Defendant PAR, Inc. dba PAR North America ("PAR") will, and hereby does move pursuant to Fed. R. Civ. Proc. 56 for summary judgment. The motion will be heard on October 31, 2016, at 10:00 a.m., in Courtroom 1600 of the above-entitled Court, located at 312 North Spring Street, Los Angeles, California 90012.

This motion is being made after the conference of counsel pursuant to Local Rule 7-4, which took place on September 22, 2016. (Declaration of Donald E. Bradley, ¶2; Ex. B.)

PAR's instant motion is based on facts that took place after the date it filed its currently pending Motion for Summary Judgment. On July 18, 2016, the California Bureau of Security and Investigative Services ("BSIS") declined to approve PAR's application for a repossession agency license. This response and its grounds provided an additional basis for summary judgment, as more fully described in the attached memorandum of points and authorities.

PAR's motion will be based on the following grounds:

There is no triable issue of material fact and PAR is entitled to judgment as a matter of law for the following reasons:

A.  Plaintiff's third cause of action for violations of the Collateral Recovery Act fails as a matter of law because the CRA's license requirements, as applied by the BSIS to PAR, specifically, the requirements that PAR manage its business in California and maintain an office presence within the state of California, violate the U.S. Constitution.

B.  To the extent Plaintiff's other causes of action are based on PAR's alleged lack of a California repossession agency license, they also fail as a matter of law because of the unconstitutionality of the CRA's license requirements, as applied to PAR.

MUSICK, PEELER & GARRETT LLP
ATTORNEYS AT LAW

1013292.1

2

NOTICE AND MOTION OF PAR, INC. FOR SUMMARY JUDGMENT BASED ON SUBSEQUENT FACTS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF MASSINGALE AND BRADLEY

1  PAR's motion will be based on this notice, the attached Memorandum of
2  Points and Authorities, Declaration of Tim Massingale, and Declaration of Donald
3  E. Bradley, filed concurrently, the Separate Statement of Uncontroverted Facts and
4  Issues of Law filed concurrently, and on such further argument and evidence as may
5  be presented at the hearing on the motion.

7  DATED: September 30, 2016     MUSICK, PEELER & GARRETT LLP

By:  */s/ Donald E. Bradley*
Donald E. Bradley
Attorneys for Defendant PAR, INC. dba
PAR NORTH AMERICA

MUSICK, PEELER & GARRETT LLP
ATTORNEYS AT LAW

1013292.1

3

NOTICE AND MOTION OF PAR, INC. FOR SUMMARY JUDGMENT BASED ON SUBSEQUENT FACTS;
MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF MASSINGALE AND BRADLEY

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION/SUMMARY OF ARGUMENT**

On July 5, 2016, PAR filed its initial Motion for Summary Judgment. On July 18, 2016, the California Bureau of Security and Investigative Services ("BSIS") refused to approve PAR's application for a repossession agency license, stating that

> an RA licensee doing business in California must carry out the management functions of the business from within California….It must have a physical presence in this state.

Massingale Declaration, ¶3, Ex. B.

As discussed more fully below, this requirement by the BSIS of management and a physical office in California in order to obtain a repossession agency license violates the Commerce Clause of the United States Constitution, beyond the Commerce Clause violation of the CRA as a whole, as described in PAR's initial motion. Accordingly, PAR is bringing the instant motion based on this Court's suggestion at the June 22, 2015 hearing on PAR's motion to dismiss that:

> [G]enerally, I don't require the parties to just bring – only file one summary judgment. You aren't required to do it at the end of discovery. If you let the other side know that you're aiming to move on summary judgment on a certain ground and give them time to conduct discovery on that, you get your initial disclosures out, then you can bring your summary judgment whenever you want.

Bradley Declaration, ¶3, Ex. B.

**II.    STATEMENT OF FACTS**

Rather than burden the Court with a duplicative Statement of Facts, PAR incorporates by reference the Introduction and Statement of Facts contained in its initial summary judgment motion. The only additional pertinent facts relate to BSIS's failure to approve PAR's application for a repossession agency license.

1013292.1

NOTICE AND MOTION OF PAR, INC. FOR SUMMARY JUDGMENT BASED ON SUBSEQUENT FACTS;
MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF MASSINGALE AND BRADLEY

PAR's initial summary judgment motion argued that California's Collateral Recovery Act as applied to PAR's forwarding activities violated the Dormant Commerce Clause. The initial motion also argued that PAR's forwarding activities did not require a repossession agency license under the CRA. Nevertheless, on December 10, 2015, PAR submitted an application to the BSIS for a repossession agency license.[1] (Uncontroverted Fact ("UF") 1.) On or about July 18, 2016, the BSIS sent its letter in response to PAR's application. (UF 2.) This response provided an additional ground under which the CRA's licensing requirements violate the Commerce Clause. Specifically, in its letter, the BSIS stated:

> an RA licensee doing business in California <u>must carry out the management functions of the business from within California</u>. Since the state has no jurisdiction beyond its own borders, this <u>in-state presence</u> is needed in order for the Bureau to lawfully serve process upon a licensee and to inspect the licensee's business, business records, and collateral storage areas…. PAR's application, dated December 10, 2015, lists its business address as a location in the state of Indiana. However, in order for PAR to obtain an RA license, <u>it must have a physical presence in this state</u>. Presumably, this will <u>require PAR to establish a business location in California</u>. Pursuant to Section 7505,

---

[1] PAR recognizes that this or some other tribunal might agree with Plaintiff's position that PAR should be licensed in California. PAR has attempted to prepare for that possibility and to ensure future compliance should that contingency come to pass by applying for the allegedly required license. PAR's pragmatism should not be construed, however, as abandonment of its position that it does not now require and has never required a California repossession agency license. The failure to approve PAR's application affirms that PAR's position is correct, as discussed below.

MUSICK, PEELER & GARRETT LLP
ATTORNEYS AT LAW

1013292.1

2

NOTICE AND MOTION OF PAR, INC. FOR SUMMARY JUDGMENT BASED ON SUBSEQUENT FACTS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF MASSINGALE AND BRADLEY

    this California location will require a separate RA license. Please provide the Bureau with another RA application listing a California business address for PAR. All the requirements for an initial RA license for the California business location will need to be satisfied in order for the Bureau to issue an RA license for the business location in Indiana and the business location in California. (Emphasis added.)

UF 3.

As discussed more fully below, the BSIS's mandate that PAR manage its business within California and have a California location, as applied to PAR's forwarding business, violates the Commerce Clause and PAR is therefore entitled to summary judgment.

## III. ARGUMENT

### A. The California Bureau Of Security And Investigative Services' Requirement That PAR Manage Its Business Within California And Have A Physical Office Within The State To Qualify For A License Violates The Commerce Clause

The Supreme Court held in 2005 that "[t]he mere fact of nonresidence should not foreclose a producer in one State from access to markets in other States." *Granholm v. Heald*, 544 U.S. 460, 472 (2005). The BSIS's requirement that PAR manage its business within California and establish a California location directly conflicts with this long standing rule.

A state regulation is subject to two levels of scrutiny under the dormant Commerce Clause. *See Maine v. Taylor*, 477 U.S. 131, 138 (1986). To determine which level of scrutiny applies, the Court must determine whether the statute is discriminatory, which occurs where there is "differential treatment of in-state and out-of-state economic interests that benefits the former and burdens the latter."

MUSICK, PEELER & GARRETT LLP
ATTORNEYS AT LAW

1013292.1

3

NOTICE AND MOTION OF PAR, INC. FOR SUMMARY JUDGMENT BASED ON SUBSEQUENT FACTS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF MASSINGALE AND BRADLEY

*Oregon Waste Sys. Inc. v. Department of Environmental Quality of Oregon*, 511 U.S. 93, 99. "If a restriction on commerce is discriminatory, **it is virtually *per se* invalid**." *Oregon Waste Sys. Inc. v. Department of Environmental Quality of Oregon*, 511 U.S. 93, 99 (emphasis added); *see also Brown-Forman Distillers Corp. v. N.Y. State Liquor Auth.*, 476 U.S. 573, 579 (1986) ("When a state statute directly regulates or discriminates against interstate commerce, or when its effect is to favor in-state economic interests over out-of-state interests, **we have generally struck down the statute without further inquiry**.") (citations omitted) (emphasis added). The Supreme Court "has viewed with particular suspicion state statutes requiring business operations to be performed in the home State that could more efficiently be performed elsewhere. Even where the State is pursuing a clearly legitimate local interest, this particular burden on commerce has been declared to be virtually per se illegal." *Pike v. Bruce Church, Inc.*, 397 U.S. 137, 145, 90 S. Ct. 844, 849, 25 L. Ed. 2d 174 (1970)

BSIS's enforcement of the CRA fails under the higher level of scrutiny because the law facially discriminates against out-of-state corporations by requiring management and residence in California.

The Supreme Court's decisions in *Lewis v. Bt. Inv. Managers*, 447 U.S. 27 (1980) and *Granholm v. Heald*, 544 U.S. 460 (2005) are particularly instructive here. In *Lewis*, the Supreme Court considered a Florida statute that prohibited ownership or control of Florida investment or trust business by a bank with a "location of principal operations outside Florida." 447 U.S. at 37. The Florida statute made "the out-of-state location of a bank holding company's principal operations an explicit barrier to the presence of an investment subsidiary within the State." *Id.* at 39. The Supreme Court held that this statute was discriminatory, "[b]oth on its face and in actual effect," and affirmed an injunction prohibiting Florida from enforcing the statute. *Id.* at 42.

MUSICK, PEELER & GARRETT LLP

ATTORNEYS AT LAW

1013292.1

4

NOTICE AND MOTION OF PAR, INC. FOR SUMMARY JUDGMENT BASED ON SUBSEQUENT FACTS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF MASSINGALE AND BRADLEY

In *Granholm v. Heald*, the Supreme Court invalidated a New York law that permitted in-state wineries to ship directly to consumers, but required out-of-state wineries to "open a branch office and warehouse in New York" in order to do the same. 544 U.S. at 474-475. The Court held that New York's "in-state presence requirement" was *per se* invalid because it violated the long-standing "admonition that States cannot require an out-of-state firm 'to become a resident in order to compete on equal terms.'" *Id.* at 475 (quoting *Halliburton Oil Well Cementing Co. v. Reilly*, 373 U.S. 64, 72 (1963)).

In *Pike*, the Supreme Court invalidated an Arizona law based upon the strain imposed upon the interstate commerce activities of a single business enterprise, required to cease transporting its Arizona-grown cantaloupes to its processing plant in California. The California plant, being outside Arizona, did not comply with Arizona law regarding the labeling of produce grown in the state, resulting in an order from the state prohibiting shipment of the cantaloupes out of state unless first packaged as required by Arizona law. The order, in effect, would require the grower to invest $200,000 to build an Arizona processing plant. The Supreme Court observed that statutes which require "processing be done in the home State before shipment to a sister State…have been consistently invalidated by this Court under the Commerce Clause." *Pike v. Bruce Church, Inc.*, 397 U.S. 137, 141–42, 90 S. Ct. 844, 847, 25 L. Ed. 2d 174 (1970) (citing cases.)

Following this Supreme Court precedent, federal courts have consistently invalidated residency-based barriers to participation in a state's market.

In *Nat'l Revenue Corp. v. Violet*, 807 F.2d 285, 289 (1st Cir. 1986), the First Circuit invalidated a Rhode Island statute "that foreclose[d] out-of-state debt collectors, en masse, from seeking to collect debts from Rhode Island citizens." 807 F.2d 285, 289 (1st Cir. 1986). In *Daghlian v. Devry Univ., Inc.*, the court invalidated a statute that exempted a post-secondary school from certain requirements if it obtained an accreditation, which was only available to schools

MUSICK, PEELER & GARRETT LLP

ATTORNEYS AT LAW

1013292.1
5
NOTICE AND MOTION OF PAR, INC. FOR SUMMARY JUDGMENT BASED ON SUBSEQUENT FACTS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF MASSINGALE AND BRADLEY

based in California, Hawaii, and certain Pacific or Asian territories.  582 F. Supp. 2d 1231, 1241-1243 (C.D. Cal. 2007); *see also Peoples Super Liquor Stores, Inc. v. Jenkins*, 432 F.Supp.2d 200, 218-219 (D. Mass. 2006) (denying a motion to dismiss a dormant Commerce Clause challenge to a statute that mandated that "[n]on-resident individuals and corporations [we]re categorically barred from obtaining package store licenses.").

As these cases demonstrate, where a statute erects a residency-based barrier to market participation, the statute is facially discriminatory under the dormant Commerce Clause.  Poignantly, the determination of BSIS that PAR may not be issued a California license underscores PAR's position that PAR *does not need* (and has never needed) a California license.  As detailed in PAR's initial summary judgment motion, PAR does not engage in the physical repossession of vehicles (or the post-repossession storage) of vehicles in *any* state.  In PAR's forwarding business,  PAR contracts with creditors to outsource the act of repossession to licensed agents such as Reliable, and to monitor and report those efforts back to the creditor.  PAR's forwarding business is conducted in Indiana, almost exclusively by interstate communications (internet, e-mail, and telephone.)

PAR cannot perform a repossession in California or in any state via the internet or a phone line, any more than it could use such technology to pick a cantaloupe.  The Arizona cantaloupe producer in *Pike* was required to become an Arizona cantaloupe *processor* and invest in facilities that it neither needed nor wanted, or face impediments to interstate commerce imposed by the State of Arizona.  Similarly, PAR, an Indiana repossession forwarder, would be required to become a California repossession *agency,* forced to invest in facilities that it neither needs nor wants, to remove an impediment to PAR's access to the California market.  Either that, or face lawsuits from California residents who would find PAR in violation of state and federal statutes merely for not having a California license, which the State of California now says that PAR may not have.

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

1013292.1

6

NOTICE AND MOTION OF PAR, INC. FOR SUMMARY JUDGMENT BASED ON SUBSEQUENT FACTS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF MASSINGALE AND BRADLEY

1	BSIS indicates it has no jurisdiction over PAR as a repossession agent outside
2	of the state.  PAR could not agree more.  Even if one stretched the meaning of the
3	statutory term "repossession agency" to its logical and linguistic breaking point to
4	determine that the *hiring* of repossession agencies is an activity to which
5	repossession agency licensing is targeted, the CRA requires a license only for
6	someone acting as a repossession agency *within* the state of California.  CRA §7502.
7	The legislature clearly recognized that its regulatory authority has a geographic
8	limit.  BSIS also recognizes it, as should this court.

9	Any argument Plaintiff makes that California's in-state presence requirement
10	facially treats in-state and out-of-state entities the same because, regardless of where
11	an entity is based, it must incorporate in California in order to obtain a repossession
12	agency license, would fail.  The Supreme Court rejected this reasoning in
13	*Granholm*.  There, New York argued that the regulatory scheme applied to all wine
14	sellers equally, because it required all wine sellers—regardless of residence—to
15	have a physical presence in the State in order to obtain the license at issue.  *See* 544
16	U.S. at 474.  The Supreme Court described this argument as "unconvincing"
17	because it ignored the fact that New York required an out-of-state company to create
18	an in-state presence in order to qualify for a license as the BSIS is doing here.  *See*
19	*id*.

20	The Third Circuit's decision in *Tri-M Group, LLC v. Sharp*, 638 F.3d 406 (3d
21	Cir. 2011) also rejected this argument.  There, the Third Circuit considered a
22	Delaware statute that permitted construction contractors to pay a lower apprentice
23	wage, but only if the contractor maintained a place of business in Delaware "that is
24	not a site trailer, temporary structure, or post office box."  *Id.* at 427 (citation
25	omitted).  Delaware argued that the statute was not discriminatory because all
26	contractors were required to maintain a place of business in Delaware, "regardless
27	of state residency," in order to qualify for the wage rate.  *Id.*  The Third Circuit
28	disagreed, finding that merely withholding the benefit of the lower wage rates from

MUSICK, PEELER & GARRETT LLP
ATTORNEYS AT LAW

1013292.1

7

NOTICE AND MOTION OF PAR, INC. FOR SUMMARY JUDGMENT BASED ON SUBSEQUENT FACTS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF MASSINGALE AND BRADLEY

a business that had not established an "in-state presence" violated the dormant Commerce Clause. See id. at 428-429.

Plaintiff can only overcome the presumption of invalidity if she can demonstrate that the CRA advances a legitimate local purpose **that cannot be adequately served by available nondiscriminatory means**. See *Maine v. Taylor*, 477 U.S. 131, 138 (1980). In order to carry her burden on this point, the CRA must "pass the strictest scrutiny." *Oregon Waste*, 511 U.S. at 101; *see also Granholm*, 544 U.S. at 492-493 (must rebut the presumption with "concrete record evidence" that demonstrates that "nondiscriminatory alternatives will prove unworkable."). In fact, the burden is so heavy that "**facial discrimination by itself may be a fatal defect.**" *Oregon Waste*, 511 U.S. at 101 (emphasis added) (citations and internal quotation marks omitted). Clark in this case cannot meet this burden.

No published Ninth Circuit opinion appears to have addressed the issue of whether a California agency can require an in-state location and management of a business as a prerequisite to obtaining a license without violating the Commerce Clause. One case in the Northern District of California that has generated two unpublished trial court opinions on the issue, is currently on appeal to the Ninth Circuit. *See Nationwide Biweekly Administration, Inc. v. Owen*, 2015 WL 3792866 (June 17, 2015) ("*Nationwide I*"); *Nationwide Biweekly Administration, Inc. v. Owen*, 2015 WL 1254847 (March 18, 2015) ("*Nationwide II*"). Neither of the *Nationwide* trial court rulings properly addressed the Commerce Clause issue.

*Nationwide I* denied a motion for a preliminary injunction, finding that Nationwide had not established a likelihood of success on the merits. In reaching that conclusion, the trial court in *Nationwide I* misconstrued Supreme Court precedent, including *Granholm v. Heald*, finding that a statute requiring an in-state presence "treats in-state and out-of-state corporations equally by requiring them to organize a corporation or subsidiary for the purpose of obtaining a…license." The court concluded that "because 'the statute…treats all private companies exactly the

MUSICK, PEELER & GARRETT LLP

ATTORNEYS AT LAW

1013292.1

8

NOTICE AND MOTION OF PAR, INC. FOR SUMMARY JUDGMENT BASED ON SUBSEQUENT FACTS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF MASSINGALE AND BRADLEY

same,' it 'does not discriminate against interstate commerce.'" 2015 WL 1254847 at *7. As discussed above, this argument is an incorrect interpretation of the Supreme Court's holding in *Granholm*, and has been rejected by other Circuit courts. *See, e.g., Tri-M Group, LLC v. Sharp*, 638 F.3d 406 (3rd Cir. 2011).

In *Nationwide II*, the court granted defendant's motion to dismiss with no analysis of the Commerce Clause issues. The court simply observed that it had previously "found that Nationwide failed to satisfy its burden to establish that Nationwide would likely prevail on the merits of its Dormant Commerce Clause claim" in granting the motion to dismiss. 2015 WL 3792866 at *3.

As noted above, the *Nationwide* case is currently on appeal and fully briefed with the Ninth Circuit. Presumably, the Ninth Circuit will more fully analyze the authorities interpreting the Commerce Clause, including the numerous United States Supreme Court precedents on the issue.[2]

---

[2] The Ninth Circuit Court of Appeals previously has rejected the proposition that lack of a state issued license is a *per se* violation of the FDCPA. *Wade v. Reg'l Credit Ass'n*, 87 F.3d 1098, 1100. (9th Cir. 1996). Similarly, the Central District of California has held failure to register a fictitious business name in compliance with California law did not violate the FDCPA. *Taylor v. Quall,* 471 F. Supp. 2d 1053, 1062 (C.D. Cal. 2007). *See* also *Voris v. Resurgent Capital Servs., L.P.,* 494 F. Supp. 2d 1156, 1173 (S.D. Cal. 2007)(holding *Wade* precludes treating alleged violation of Rosenthal Act as *per se* violation of the FDCPA); *Khosroabadi v. N. Shore Agency,* 439 F. Supp. 2d 1118, 1125 (S.D. Cal. 2006)(recognizing that grafting state law notice requirements onto FDCPA "would impermissibly expand the scope of the FDCPA" to require a "debt collector in any state" to include California's Rosenthal Act notice, or risk violating the FDCPA.) *Per se* FDCPA liability is precisely what Plaintiff advocates in this case, despite her sidestep of the fatal precedent of *Wade* by casting her licensing claim as a violaton of the FDCPA, affecting the "right to possess" property under §1692f(6). Under California law, however, "a license from the state issued in the exercise of its police powers" does not convey a right, but "a personal privilege to be exercised under existing restrictions." *Cty. of Mendocino v. Williams Commc'ns*, No. C 05-4429 PJH, 2006 WL 1009029, at *4 (N.D. Cal. Apr. 18, 2006), *citing Rosenblatt v. Calif. State Bd. of Pharmacy*, 69 Cal.App.2d 69, 158 P.2d 199 (1945). Given that the FDCPA was enacted in response to perceived inadequacies in state law (*See Davis v. Creditors Interchange Receivable*

MUSICK, PEELER & GARRETT LLP
ATTORNEYS AT LAW

1013292.1

9

NOTICE AND MOTION OF PAR, INC. FOR SUMMARY JUDGMENT BASED ON SUBSEQUENT FACTS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF MASSINGALE AND BRADLEY

Accordingly, under plain United States Supreme Court precedent, as well as the precedent of every Circuit court to address the issue, the Commerce Clause invalidates any attempt by a state agency to mandate an in-state presence as a condition of licensing. The BSIS's requirement in this case under the CRA therefore violates the Commerce Clause of the United States Constitution, and PAR's motion for summary judgment should be granted.

## IV. CONCLUSION

In PAR's initial motion for summary judgment, PAR argued that the California CRA violated the Dormant Commerce Clause. Subsequent events have shown that the BSIS's implementation of the CRA, in particular its requirement of an in-state presence as a condition of licensing, is an even more egregious violation of the Dormant Commerce Clause. PAR's motion for summary judgment should therefore be granted.

DATED: September 30, 2016        MUSICK, PEELER & GARRETT LLP

By: ___/s/ Donald E. Bradley___
Donald E. Bradley
Attorneys for Defendant PAR, INC. dba
PAR NORTH AMERICA

---

*Management, LLC,* 585 F. Supp. 2d 968, 973 (N.D. Ohio 2008); *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 951 (9th Cir. 2011)(same)), and recognition by the above-cited courts that "state law" protections are not incorporated into the FDCPA, it is unreasonable to interpret the word "right" in §1692f(6) to mean the "privilege" granted by otherwise "inadequate" state laws to engage in a particular profession.

MUSICK, PEELER & GARRETT LLP
ATTORNEYS AT LAW

1013292.1

10

NOTICE AND MOTION OF PAR, INC. FOR SUMMARY JUDGMENT BASED ON SUBSEQUENT FACTS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF MASSINGALE AND BRADLEY

# PROOF OF SERVICE
## STATE OF CALIFORNIA, COUNTY OF ORANGE

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is 650 Town Center Drive, Suite 1200, Costa Mesa, CA 92626-1925.

On September 30, 2016, I served true copies of the following document(s) described as **NOTICE OF MOTION AND MOTION OF PAR, INC. DBA PAR NORTH AMERICA FOR SUMMARY JUDGMENT BASED ON SUBSEQUENT FACTS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF TIM MASSINGALE; DECLARATION OF DONALD E. BRADLEY** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☒ **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Musick, Peeler & Garrett LLP for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at Costa Mesa, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made. Executed on September 30, 2016, at Costa Mesa, California.

*/s/ April M. Yusay*
April M. Yusay

MUSICK, PEELER & GARRETT LLP
ATTORNEYS AT LAW

1013292.1

11

NOTICE AND MOTION OF PAR, INC. FOR SUMMARY JUDGMENT BASED ON SUBSEQUENT FACTS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF MASSINGALE AND BRADLEY

# SERVICE LIST

| | |
|---|---|
| Alexander B. Trueblood<br>TRUEBLOOD LAW FIRM<br>10940 Wilshire Boulevard, Suite 1600<br>Los Angeles, CA  90024<br>Phone:  (310) 443-4139<br>Fax:     (310) 943-2255<br>Email:  alec@hush.com;<br>atrueblood@pacernotice.com<br>*Attorneys for Plaintiff* | Brandon A. Block<br>LAW OFFICES OF BRANDON A. BLOCK<br>433 North Camden Drive, Suite 600<br>Beverly Hills, CA  90210<br>Phone:  (310) 887-1440<br>Fax:     (310) 496-1420<br>Email: brandon@bblocklaw.com<br>*Attorneys for Plaintiff* |

1013292.1

12

NOTICE AND MOTION OF PAR, INC. FOR SUMMARY JUDGMENT BASED ON SUBSEQUENT FACTS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF MASSINGALE AND BRADLEY

**MUSICK, PEELER & GARRETT LLP**
ATTORNEYS AT LAW