**MUSICK, PEELER & GARRETT LLP**
ATTORNEYS AT LAW
650 TOWN CENTER DRIVE, SUITE 1200
COSTA MESA, CALIFORNIA 92626-1925
TELEPHONE (714) 668-2400
FACSIMILE (714) 668-2490

David M. Lester (State Bar No. 119966)
*d.lester@mpglaw.com*
Donald E. Bradley (State Bar No. 145037)
*d.bradley@mpglaw.com*

Attorneys for Defendant PAR, INC. dba PAR NORTH AMERICA

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| BARBARA A. CLARK,<br><br>Plaintiff,<br><br>vs.<br><br>PAR, INC. dba PAR NORTH AMERICA, COUNTRY WIDE TOWING, INC. dba RELIABLE RECOVERY SOLUTIONS, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:15-CV-02322 MWF (FFMx)<br><br>Hon. Michael W. Fitzgerald, Crtrm. 1600<br><br>**DECLARATION OF DONALD E. BRADLEY IN SUPPORT OF DEFENDANT PAR, INC. DBA PAR NORTH AMERICA'S MOTION FOR SUMMARY JUDGMENT BASED ON SUBSEQUENT FACTS**<br><br>Date: October 31, 2016<br>Time: 10:00 a.m.<br>Crtrm.: 1600 |

I, Donald E. Bradley, declare as follows:

1. I am an attorney at law, duly licensed to practice in all the courts of the State of California, and I am a partner in the law firm of Musick, Peeler & Garrett LLP, attorneys of record herein for defendant PAR, Inc. dba PAR North America ("PAR"). I have personal knowledge of the facts set forth herein and, if called as a witness, I could and would competently testify thereto.

2.      On September 22, 2016, I exchanged emails with Plaintiff's counsel Alec Trueblood and Brandon Block in which I provided the grounds for PAR's instant summary judgment motion.  A complete and accurate copy of this email exchange is attached hereto as **Exhibit A**.

3.      On June 22, 2015, I attended the hearing on PAR's motion to dismiss pursuant to FRCP 12(b)(6).  My office thereafter obtained a transcript of the June 22, 2015 hearing.  A complete and accurate copy of the transcript is attached hereto as **Exhibit B**.

I declare under penalty of perjury pursuant to the laws of the United States of America and the State of California that the foregoing is true and correct.  Executed this 30th day of September, 2016, at Costa Mesa, California.


                                    */s/  Donald E. Bradley*
                                    Donald E. Bradley

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

1012836.1

2

DECLARATION OF DONALD E. BRADLEY IN SUPPORT OF DEFENDANT PAR, INC. DBA PAR NORTH
AMERICA'S MOTION FOR SUMMARY JUDGMENT BASED ON SUBSEQUENT FACTS

# EXHIBIT A

**Bradley, Donald**

| | |
|---|---|
| **From:** | Bradley, Donald |
| **Sent:** | Thursday, September 22, 2016 3:07 PM |
| **To:** | Alec Trueblood |
| **Cc:** | brandon; Lester, David |
| **Subject:** | RE: PAR v. Clark |
| **Attachments:** | CLARK PAR005810 BATES.PDF |

I will check into this and get back to you. In the meantime, attached is a Bates-stamped version of the two pages I sent earlier.

**From:** Alec Trueblood [mailto:alec@hush.com]
**Sent:** Thursday, September 22, 2016 2:46 PM
**To:** Bradley, Donald
**Cc:** brandon
**Subject:** RE: PAR v. Clark

Don,

We also have not been provided the "Statement and Designation By Foreign Corporation" referenced in the DCA letter.

On 9/22/2016 at 5:35 PM, "Donald Bradley" <D.Bradley@MPGLAW.com> wrote:

This is the only additional document beyond what was already produced.

**From:** Alec Trueblood [mailto:alec@hush.com]
**Sent:** Thursday, September 22, 2016 2:31 PM
**To:** Bradley, Donald
**Cc:** brandon; Lester, David
**Subject:** Re: PAR v. Clark

Don,

In order to assess your position, can we please have copies of all documents relating to the denial, today? David recently served supplemental responses to the document demands which stated that all documents concerning the license application had been produced. Yet we have received nothing regarding the alleged July 18 denial.

We will consider your position upon receipt of the documents and tomorrow's deposition testimony, as we explained to David today.

Thank you.

Alec Trueblood

On 9/22/2016 at 3:19 PM, "Donald Bradley" <D.Bradley@MPGLAW.com> wrote:

Alec/Brandon, this email is sent pursuant to local rule 7-4. Since the date PAR filed its MSJ, a new fact has arisen that provides additional grounds for summary judgment. As you may recall, Judge Fitzgerald invited the parties to bring multiple summary judgment motions if the facts and discovery warranted it.

Specifically, on July 18, 2016, PAR's application for a repossession agency license was denied because PAR does not maintain an office within the State of CA. We intend to cite authority that holds that a state agency requiring an in-state office for a license based on activity that occurs outside the state violates the Commerce Clause. See e.g., Granholm v. Heald, 125 S.Ct. 1885 (2005).

I of course don't expect you to dismiss the case, but if you want to discuss the issue, please let me know. Thanks. Don

**Donald E. Bradley**

*Partner*

MUSICK PEELER

Musick, Peeler & Garrett LLP
650 Town Center Drive Suite 1200
Costa Mesa, CA 92626

Download V-Card
d.bradley@mpglaw.com
www.musickpeeler.com

T: 714.668.2447
F: 714.668.2490

The information contained in this communication is protected by the attorney-client and/or the attorney/work product privilege. It is intended only for the use of the addressee, and the privileges are not waived by virtue of this having been sent by e-mail. If the person actually receiving this communication or any other reader of the communication is not the named recipient, or the employee or agent responsible to deliver it to the recipient, any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by return e-mail or by e-mail to administrator@mpglaw.com, and destroy this communication and all copies thereof, including all attachments.

An international member of AllyLaw

STATE OF CALIFORNIA - BUSINESS, CONSUMER SERVICES, AND HOUSING AGENCY GOVERNOR EDMUND G. BROWN JR.

BUREAU OF SECURITY AND INVESTIGATIVE SERVICES
Post Office Box 989002
West Sacramento, CA 95798-9002
Phone (800) 952-5210 Fax (916) 575-7290
www.bsis.ca.gov

July 18, 2016

Mr. Jerry Kroshus
President & COO
PAR North America
7835 Woodland Drive
Indianapolis, IN 46278

**RE: Application for Repossession Agency License**

Dear Mr. Kroshus:

The Bureau is unable to process PAR North America Corporation's (PAR) application for a Repossession Agency (RA) license because additional information is required.

**Principal Place of Business**

Pursuant to the California Recovery Act (Act), an RA licensee must provide the Bureau with the address of its principal place of business (Business and Professions Code[1] section 7503). Also, an RA licensee doing business in California must carry out the management functions of the business from within California. Since the state has no jurisdiction beyond its own borders, this in-state presence is needed in order for the Bureau to lawfully serve process upon a licensee and to inspect the licensee's business, business records, and collateral storage areas. (7502, 7507.2, & 7507.3)

PAR's application, dated December 10, 2015, lists its business address as a location in the State of Indiana. However, in order for PAR to obtain an RA license, it must have a physical presence in this state. Presumably, this will require PAR to establish a business location in California. Pursuant to Section 7505, this California location will require a separate RA license.

**Please provide the Bureau with another RA application listing a California business address for PAR. All the requirements for an initial RA license for the California business location will need to be satisfied in order for the Bureau to issue an RA license for the business location in Indiana and the business location in California.**

**Officers and Principals on an RA License**

The paperwork provided in support of PAR's RA license reflects that it is organized as a corporation. Pursuant to 7503.4, the application shall state the names and address of all corporate officers. The Statement and Designation by Foreign Corporation that PAR filed with the California Secretary of State is signed by Paul J. Lips, whose title is identified as Executive Vice President. However, Mr. Lips is not listed as an officer on the RA license application form.

**Please provide the Bureau with a copy of the Statement of Information, listing all corporate officers that PAR filed with the California Secretary of State.**

CONFIDENTIAL/SUBJECT TO PROTECTIVE ORDER
Clark v. PAR Case No. 2:15-cv-02322-MWF-FFM
PAR005810

[1] All references are to the Business and Professions Code unless otherwise noted.

Jerry Krohus
July 18, 2016
Page 2

**Qualified Manager**

Pursuant to Sections 7505.1 and 7505.5, each business office licensed as a repossession agency must be under the active charge of the licensee's qualified manager. This person shall share equally with the licensee the responsibility for the conduct of the business and the personnel of the business. PAR's application lists Jodie Mare Dawson as the qualified manager it wishes to associate with its license. However, the Personal Identification Form that Ms. Dawson submitted to the Bureau is incomplete; it does not list her address, provide responses to the required conviction questions, nor includes her signature under penalty of perjury.

**Please provide the Bureau with a Personal Identification Form that is fully completed and signed by Ms. Dawson.**

Bureau staff and I are available to assist you with the issues in this letter. If you would like to discuss the issues in this letter with me, email Repossessor@dca.ca.gov and the RA licensing technician will coordinate a meeting.

Sincerely,

Marco Bautista
Licensing Manager

CONFIDENTIAL/SUBJECT TO PROTECTIVE ORDER
Clark v. PAR Case No. 2:15-cv-02322-MWF-FFM
PAR005811
BRADLEY EX. A - P. 7

# EXHIBIT B



UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

THE HON. JUDGE MICHAEL W. FITZGERALD, JUDGE PRESIDING

BARBARA A. CLARK, )
)
Plaintiff, )
)
vs. ) NO. 15-CV-02322-MWF
)
PAR, INC., dba PAR NORTH AMERICA, )
et al., )
)
Defendants. )
_________________________________)

REPORTER'S TRANSCRIPT OF PROCEEDINGS

Los Angeles, California

Monday, June 22, 2015

LISA M. GONZALEZ, CSR No. 5920, CCRR
U.S. District Courthouse
312 North Spring Street - Room 438
Los Angeles, California 90012
213.894.2979
www.lisamariecsr.com

**APPEARANCES:**

**FOR THE PLAINTIFF:** **TRUEBLOOD LAW FIRM**
**BY: ALEC TRUEBLOOD, ESQ.**
**10940 Wilshire Boulevard**
**Suite 1600**
**Los Angeles, California 90024**
**(310) 443-4139**

**LAW OFFICES OF BRANDON A. BLOCK**
**BY: BRANDON A. BLOCK, ESQ.**
**433 North Camden Drive**
**Suite 600**
**Beverly Hills, California 90210**
**(310) 887-1440**

**FOR THE DEFENDANTS:** **MUSICK, PEELER**
**BY: DONALD E. BRADLEY, ESQ.**
**650 Town Center Drive**
**Suite 1200**
**Costa Mesa, California 92626**
**(714) 668-2447**

***Los Angeles, California, Monday, June 22, 2015;***

***10:00 A.M.***

***-o0o-***

THE CLERK: Calling Item Number 2, Case Number CV-15-2322-MWF, Barbara A. Clark v. PAR, Incorporated, et al.

Counsel, please state your appearance for the record.

MR. BRADLEY: Good morning, Your Honor. Donald Bradley on behalf of defendant PAR, Inc.

MR. TRUEBLOOD: Good morning, Your Honor. Alexander Trueblood on behalf of the plaintiff, Barbara Clark.

MR. BLOCK: Good morning, Your Honor. Brandon Block on behalf of the plaintiff as well.

THE COURT: Good morning, Counsel.

In light of the tentative, I'll hear from counsel for PAR.

MR. BRADLEY: Thank you, Your Honor. I have reviewed the tentative. It's very detailed. I thank you for that.

THE COURT: Well, obviously, it was raising a lot of interesting issues. I'm old enough to remember that movie *Repo Man* from the '80s, so it was -- that was kind of what was going through my mind, for something that has this

kind of slightly Wild West aura about it. It's kind of like on the criminal side that bondsmen have all of these rights that are very rarely exercised, but at least in theory are extremely extensive. That was kind of the reaction I had to this.

But, anyway, let me hear what you have to say.

MR. BRADLEY: Scenes from that movie have gone through my head quite a bit since this case has come in.

Your Honor, I'll focus really on one issue -- and it's the linchpin -- and that's the definition of "debt collector." I think before we dig into that definition, namely, "debt collector," we need to look at what "debt collection" is.

And in the Court's tentative, Your Honor, the Court has pulled apart the definition of "debt collector" in the FDCPA from, at least, the subdivision in 1692a(6) that applies to enforcers of security interests, pulled that apart from the liability section of 1692f(6), which provides what repossessors or enforcers of security interests can be liable for. And I think those two have to be looked at together. Because when you look at what "debt collection" is before you get to the definition of a "debt collector," you look at the overall FDCPA, Fair Debt Collection Practices Act, and almost everything in that act addresses practices that are aimed at a debtor.

It talks about things like calling a debtor -- about to collect a debt that the debtor owes on -- all hours of the night, or calling too many times, or calling a third party. The bulk of the FDCPA applies to those kinds of activities: Debt collection. We're talking about a debtor that owes money to a creditor, and the debt collector is targeting its action towards the debtor to try to collect that money.

Now, on the other hand, you've got the enforcement of security interests. The debtor has no connection to that. The major types of enforcement of security interests that the FDCPA contemplates are mortgage foreclosures, foreclosing on property, and repossessions, which for the most part deal with vehicles. And there you're not -- you don't have a debtor owing money to somebody and a collection agency trying to contact or otherwise harass the debtor. You've got a piece of property involved. The debtor's out of the picture. You're either foreclosing on a piece of real property or you're attempting to collect to reposses the piece of personal property and, in most instances, it's a vehicle. And certainly that's what we're talking about in this case.

Now, when Congress passed the sub definition of "debt collector" for enforcers of security interests, if Congress was interested in applying the entirety of the

FDCPA, all of those debt collection provisions dealing with phone calls and all of those things, to enforcers of security interests, it could have done very easily. It could have just said: An enforcer of security interest is a debt collector. But Congress didn't do that. Congress said specifically: For purposes of 1692f(6), an enforcer of a security interest is a debt collector.

Now, f(6) -- it's the linchpin of the majority of this case -- talks about enforcement of a security interest when there's no present right to possession based on a valid security interest. Congress added that provision for a reason. And Congress would not have referenced the valid security interest if Congress was not interested in circumscribing the kinds of activities that the subdivision of an enforcer of a security interest was potentially going to be liable for. And that's the analysis that the courts that have gotten this issue right have followed. The tentative mentions a couple of the out-of-circuit cases, but the Court's tentative does not mention the *Oreline* (ph) or the *Osborne* cases where -- those are both Minnesota District Courts -- where those courts -- the only ones really to look at the interplay between enforcement of security interests, the present right of possession, the validity of the security interest and 1692a(6) and f(6). And those courts have found that the activity of the repossessor does not

have an impact on the validity of the security interest, and therefore, there's no liability under 1692f(6).

I'll admit that in sheer number, there are more cases that have gone the other way, but every one of those cases has gotten to that conclusion without really looking at the reason we have 1692a(6) and 1692f(6). And when you look at those together, and the reason they're in the statute in the first place, and the narrow type of activity that those statutes are designed to affect, then the conclusion should be that whether there's a breach of the peace, whether there's a licensing issue, doesn't make a difference as to the validity of the security interest, and therefore, there's no 1692f(6) liability.

And in the Seventh Circuit, Posner's opinion got it right -- the facts of that case were a little bit different and the liabilities were a little bit different, but we cited in our reply brief where the situation that Congress was intending to impact when 1692a(6) and f(6) were added to the FDCPA were, for example, when the repossessor and the holder of the valid security interest has a security interest in a Ford, but the repossessor wants to exert more pressure so repossesses the Chevy also. That's the kind of situation that we're talking about, and that's why Congress specified a valid security interest when it passed 1692f(6) and the counterpart in the added definition of 1692a(6).

Your Honor, the other causes of action, I believe once we get a little bit of evidence in the record and potentially the summary judgment stage, we'll be able to counter what's in the allegations in the Complaint, so I don't want to spend time on those today --

THE COURT: And I don't mean to suggest otherwise. I have no opinion on summary judgment and whether summary judgment should be brought promptly. I mean, just so you know, generally, I don't require the parties to just bring -- only file one summary judgment. You aren't required to do it at the end of discovery. If you let the other side know that you're aiming to move on summary judgment on a certain ground and give them time to conduct discovery on that, you get your initial disclosures out, then you can bring your summary judgment whenever you want.

MR. BRADLEY: Understood. But as to the FDCPA issue and the definition of "debt collector" and "debt collection," I do believe we've got a solid basis on our motion to dismiss and that the pleadings just don't rise to a level of stating a claim. Thank you.

THE COURT: Thank you.

Counsel, let me hear from you on the issue of this interplay of "debt collector" with "debt collection" under subsection f(6).

MR. BLOCK: Thank you, Your Honor. Good morning.

You know it's an interesting proposition, but it doesn't fly in the face of the statutory language as the Court has held in its tentative. There would be no reason for Congress to expand the definition of "debt collector" to specifically include these companies, but then say their liability is based on this other entity that's exempt from the FDCPA. So the injured consumer, then, is left without any remedy.

And certainly in a consumer protection statute, that is a long shot of a reading of the statute. So we really don't have much to add in that regard.

I did want to say one thing as to the Posner case that counsel has cited. In that case, that dealt with a personal property issue. The repossessor was charging money for personal property, and Judge Posner said, "Well, there's no lien in the personal property, so that's why the FDCPA doesn't apply."

But Posner goes on to say then -- or Judge Posner goes on to say, "If there was a lien in this property, then we would have a violation." So I don't think that that case is as instructive as counsel has made it to be.

And unless the Court has -- really has any other questions, we're willing to submit on the tentative, Your Honor.

THE COURT: All right. Well, I'll take it under

submission.

I'll look at Judge Posner's case again. I'll look at the Minnesota District Court cases. When a number of district courts have ruled on something, obviously, none of this is binding on me. It would make a much easier decision if it were. At some point, numbers matter to a degree, but ultimately it does have to be the strength of the reasoning. And one well-reasoned opinion can outweigh any number of ones where people are just going along with the crowd, if I could term my colleagues in that way. But I will take a look, then, at the Minnesota opinions and Judge Posner's opinion before I issue my final ruling.

All right. Counsel, thank you for your briefs. Thank you for your arguments.

I am glad we are not getting into that quagmire of the California statute because, boy, is that a weirdly-worded statute.

MR. BRADLEY: Thank you, Your Honor.

MR. BLOCK: Thank you, Your Honor.

***(Thereupon, proceedings adjourned)***

***-oOo-***

CERTIFICATE

*I hereby certify that pursuant to Section 753, Title 28, United States Code, the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript format is in conformance with the regulations of the Judicial Conference of the United States.*

*Date: June 24, 2015*

*Lisa M. Gonzalez*
*/s/________________________________*
*Lisa M. Gonzalez, U.S. Court Reporter*
*CSR No. 5920*

'
'80s [1] 3/24
-
-o0o [1] 3/3
-oOo [1] 10/22
/
/s [1] 11/15
1
10940 [1] 2/4
10:00 [1] 3/2
1200 [1] 2/12
1440 [1] 2/9
15-CV-02322-MWF [1] 1/8
1600 [1] 2/4
1692a [5] 4/16 6/24 7/6 7/18 7/25
1692f [6] 4/18 6/6 7/2 7/6 7/13 7/24
2
2015 [3] 1/17 3/1 11/13
213.894.2979 [1] 1/25
22 [2] 1/17 3/1
24 [1] 11/13
2447 [1] 2/13
28 [1] 11/7
3
310 [2] 2/5 2/9
312 [1] 1/24
4
4139 [1] 2/5
433 [1] 2/7
438 [1] 1/24
443-4139 [1] 2/5
5
5920 [2] 1/23 11/16
6
600 [1] 2/8
650 [1] 2/11
668-2447 [1] 2/13
7
714 [1] 2/13
753 [1] 11/6
8
887-1440 [1] 2/9
9
90012 [1] 1/24
90024 [1] 2/5
90210 [1] 2/8
92626 [1] 2/12
A
A.M [1] 3/2
able [1] 8/3
about [7] 4/1 5/1 5/2 5/5 5/21 6/9 7/23
above [1] 11/9
above-entitled [1] 11/9
act [2] 4/24 4/24
action [2] 5/7 8/1
activities [2] 5/5 6/14
activity [2] 6/25 7/8
add [1] 9/11
added [3] 6/11 7/19 7/25
addresses [1] 4/24
adjourned [1] 10/20
admit [1] 7/3
affect [1] 7/9
again [1] 10/2
agency [1] 5/16
aimed [1] 4/25
aiming [1] 8/12
al [2] 1/9 3/6
ALEC [1] 2/3
Alexander [1] 3/12
Alexander Trueblood [1] 3/12
all [6] 4/2 5/2 6/1 6/2 9/25 10/13
allegations [1] 8/4
almost [1] 4/24
along [1] 10/9
also [1] 7/22
am [1] 10/15
AMERICA [1] 1/9
analysis [1] 6/16
Angeles [4] 1/16 1/24 2/5 3/1
any [3] 9/8 9/22 10/8
anyway [1] 4/6
apart [2] 4/15 4/18
appearance [1] 3/7
APPEARANCES [1] 2/1
applies [2] 4/17 5/4
apply [1] 9/17
applying [1] 5/25
are [9] 4/3 4/3 4/25 5/12 6/20 7/3 7/9 10/9 10/15
aren't [1] 8/10
arguments [1] 10/14
as [7] 3/15 7/12 8/16 9/2 9/12 9/21 9/21
attempting [1] 5/19
aura [1] 4/1
B
BARBARA [3] 1/6 3/5 3/13
Barbara Clark [1] 3/13
based [2] 6/10 9/6
basis [1] 8/18
be [9] 4/19 4/20 6/16 7/10 8/3 8/8 9/3 9/21 10/7
because [2] 4/21 10/16
before [3] 4/11 4/22 10/12
behalf [3] 3/10 3/12 3/15
believe [2] 8/1 8/18
between [1] 6/22
Beverly [1] 2/8
binding [1] 10/5
bit [4] 4/8 7/15 7/16 8/2
BLOCK [4] 2/6 2/7 3/15 10/19
bondsmen [1] 4/2
both [1] 6/20
Boulevard [1] 2/4
boy [1] 10/16
BRADLEY [3] 2/11 3/10 10/18
BRANDON [3] 2/6 2/7 3/15
Brandon Block [1] 3/15
breach [1] 7/10
brief [1] 7/17
briefs [1] 10/13
bring [2] 8/10 8/15
brought [1] 8/8
bulk [1] 5/4
C
CALIFORNIA [8] 1/2 1/16 1/24 2/5 2/8 2/12 3/1 10/16
calling [4] 3/4 5/1 5/3 5/3
calls [1] 6/2
Camden [1] 2/7
can [3] 4/19 8/15 10/8
case [9] 3/4 4/8 5/22 6/9 7/15 9/12 9/13 9/20 10/2
cases [5] 6/18 6/20 7/4 7/5 10/3
causes [1] 8/1
CCRR [1] 1/23
Center [1] 2/11
CENTRAL [1] 1/2
certain [1] 8/13
certainly [2] 5/21 9/9
CERTIFICATE [1] 11/4
certify [1] 11/6
charging [1] 9/14
Chevy [1] 7/22
circuit [2] 6/18 7/14
circumscribing [1] 6/14
cited [2] 7/17 9/13
claim [1] 8/20
CLARK [3] 1/6 3/5 3/13
Code [1] 11/7
colleagues [1] 10/10
collect [3] 5/2 5/7 5/19
collection [8] 4/13 4/21 4/23 5/5 5/15 6/1 8/18 8/23
collector [11] 4/11 4/12 4/15 4/22 5/6 5/24 6/5 6/7 8/17 8/23 9/4
come [1] 4/8
companies [1] 9/5
Complaint [1] 8/4
conclusion [2] 7/5 7/10
conduct [1] 8/13
Conference [1] 11/11
conformance [1] 11/10
Congress [10] 5/23 5/25 6/5 6/5 6/11 6/12 6/13 7/18 7/23 9/4
connection [1] 5/10
consumer [2] 9/7 9/9
contact [1] 5/16
contemplates [1] 5/12
correct [1] 11/8
Costa [1] 2/12
could [3] 6/3 6/4 10/10
counsel [7] 3/7 3/16 3/17 8/22 9/13 9/21 10/13
counter [1] 8/4
counterpart [1] 7/25
couple [1] 6/18
COURT [6] 1/1 4/15 9/3 9/22 10/3 11/16
Court's [2] 4/14 6/19
Courthouse [1] 1/23
courts [5] 6/16 6/21 6/21 6/24 10/4
creditor [1] 5/6
criminal [1] 4/2
crowd [1] 10/9
CSR [2] 1/23 11/16
CV [2] 1/8 3/5
CV-15-2322-MWF [1] 3/5
D
Date [1] 11/13
dba [1] 1/9
deal [1] 5/14
dealing [1] 6/1
dealt [1] 9/13
debt [19]
debtor [8] 4/25 5/1 5/2 5/5 5/7 5/10 5/15 5/16
debtor's [1] 5/17
decision [1] 10/5
defendant [1] 3/10
Defendants [2] 1/10 2/10
definition [8] 4/10 4/11 4/15 4/22 5/23 7/25 8/17 9/4
degree [1] 10/6
designed [1] 7/9

## D

detailed [1] 3/20
did [1] 9/12
didn't [1] 6/5
difference [1] 7/12
different [2] 7/16 7/16
dig [1] 4/11
disclosures [1] 8/14
discovery [2] 8/11 8/14
dismiss [1] 8/19
district [6] 1/1 1/2 1/23 6/20 10/3 10/4
DIVISION [1] 1/3
do [3] 6/5 8/11 8/18
does [3] 6/19 6/25 10/7
doesn't [3] 7/11 9/2 9/17
don't [7] 5/15 8/5 8/6 8/9 8/19 9/11 9/20
DONALD [2] 2/11 3/10
Donald Bradley [1] 3/10
done [1] 6/3
Drive [2] 2/7 2/11

## E

easier [1] 10/5
easily [1] 6/3
either [1] 5/18
end [1] 8/11
enforcement [4] 5/9 5/11 6/9 6/22
enforcer [3] 6/4 6/6 6/15
enforcers [4] 4/17 4/19 5/24 6/2
enough [1] 3/23
entirety [1] 5/25
entitled [1] 11/9
entity [1] 9/6
ESQ [3] 2/3 2/7 2/11
et [2] 1/9 3/5
every [1] 7/4
everything [1] 4/24
evidence [1] 8/2
example [1] 7/19
exempt [1] 9/6
exercised [1] 4/3
exert [1] 7/21
expand [1] 9/4
extensive [1] 4/4
extremely [1] 4/4

## F

face [1] 9/2
facts [1] 7/15
Fair [1] 4/23
FDCPA [9] 4/16 4/23 5/4 5/12 6/1 7/19 8/16 9/7 9/16
file [1] 8/10
final [1] 10/12
FIRM [1] 2/3
first [1] 7/8
FITZGERALD [1] 1/4
fly [1] 9/2
focus [1] 4/9
followed [1] 6/17
Ford [1] 7/21
foreclosing [2] 5/13 5/18
foreclosures [1] 5/12
foregoing [1] 11/7
format [1] 11/10
found [1] 6/25

## G

generally [1] 8/9
get [3] 4/22 8/2 8/14
getting [1] 10/15
give [1] 8/13
glad [1] 10/15
goes [2] 9/18 9/19
going [3] 3/25 6/15 10/9
gone [2] 4/7 7/4
GONZALEZ [3] 1/23 11/15 11/16
Good [5] 3/9 3/11 3/14 3/16 8/25
got [4] 5/9 5/17 7/14 8/18
gotten [2] 6/17 7/5
ground [1] 8/13

## H

had [1] 4/4
hand [1] 5/9
harass [1] 5/16
has [11] 3/25 4/8 4/15 5/10 7/5 7/20 9/3 9/13 9/21 9/22 9/22
have [20]
head [1] 4/8
hear [3] 3/17 4/6 8/22
held [2] 9/3 11/9
hereby [1] 11/6
Hills [1] 2/8
holder [1] 7/20
HON [1] 1/4
Honor [11] 3/9 3/11 3/14 3/19 4/9 4/14 8/1 8/25 9/24 10/18 10/19
hours [1] 5/2

## I

I'll [6] 3/17 4/9 7/3 9/25 10/2 10/2
I'm [1] 3/23
impact [2] 7/1 7/18
INC [2] 1/9 3/10
include [1] 9/5
Incorporated [1] 3/5
initial [1] 8/14
injured [1] 9/7
instances [1] 5/20
instructive [1] 9/21
intending [1] 7/18
interest [12]
interested [2] 5/25 6/13
interesting [2] 3/23 9/1
interests [7] 4/17 4/19 5/10 5/11 5/24 6/3 6/22
interplay [2] 6/22 8/23
involved [1] 5/17
is [13]
issue [7] 4/9 6/17 7/11 8/17 8/22 9/14 10/12
issues [1] 3/23
it [15]
it's [6] 3/20 4/1 4/10 5/20 6/8 9/1
Item [1] 3/4
its [2] 5/7 9/3

## J

JUDGE [6] 1/4 1/4 9/15 9/18 10/2 10/11
judgment [6] 8/3 8/7 8/8 8/10 8/13 8/15
Judicial [1] 11/11
June [3] 1/17 3/1 11/13
just [5] 6/4 8/8 8/9 8/19 10/9

## K

kind [5] 3/24 4/1 4/1 4/4 7/22
kinds [2] 5/4 6/14
know [3] 8/9 8/12 9/1

## L

language [1] 9/2
LAW [2] 2/3 2/6
least [2] 4/3 4/16
left [1] 9/7
let [3] 4/6 8/11 8/22
level [1] 8/20
liabilities [1] 7/16
liability [4] 4/18 7/2 7/13 9/6
liable [2] 4/20 6/16
licensing [1] 7/11
lien [2] 9/16 9/19
light [1] 3/17
like [2] 4/1 5/1
linchpin [2] 4/10 6/8
LISA [3] 1/23 11/15 11/16
little [3] 7/15 7/16 8/2
long [1] 9/10
look [8] 4/12 4/21 4/23 6/21 7/7 10/2 10/2 10/11
looked [1] 4/20
looking [1] 7/5
Los [4] 1/16 1/24 2/5 3/1
lot [1] 3/22

## M

made [1] 9/21
major [1] 5/11
majority [1] 6/8
make [2] 7/11 10/5
Man [1] 3/24
many [1] 5/3
matter [2] 10/6 11/9
me [3] 4/6 8/22 10/5
mean [2] 8/6 8/8
mention [1] 6/19
mentions [1] 6/18
Mesa [1] 2/12
MICHAEL [1] 1/4
mind [1] 3/25
Minnesota [3] 6/20 10/3 10/11
Monday [2] 1/17 3/1
money [4] 5/6 5/8 5/15 9/14
more [2] 7/3 7/21
morning [5] 3/9 3/11 3/14 3/16 8/25
mortgage [1] 5/12
most [2] 5/14 5/20
motion [1] 8/19
move [1] 8/12
movie [2] 3/24 4/7
MR [2] 10/18 10/19
much [2] 9/11 10/5
MUSICK [1] 2/10
MWF [2] 1/8 3/5
my [4] 3/25 4/8 10/10 10/12

## N

namely [1] 4/12
narrow [1] 7/8
need [1] 4/12
night [1] 5/3
no [10] 1/8 1/23 5/10 6/10 7/2 7/13 8/7 9/3 9/16 11/16
none [1] 10/4
NORTH [3] 1/9 1/24 2/7
not [6] 5/14 6/12 6/13 6/19 6/25 10/15
Now [3] 5/9 5/23 6/8
number [5] 3/4 3/4 7/3 10/3 10/8
numbers [1] 10/6

## O

o0o [1] 3/3
obviously [2] 3/22 10/4
OFFICES [1] 2/6
old [1] 3/23
once [1] 8/2
one [5] 4/9 7/4 8/10 9/12 10/8
ones [2] 6/21 10/9
only [2] 6/21 8/10
oOo [1] 10/22
opinion [4] 7/14 8/7 10/8 10/12

O

opinions [1] 10/11
Oreline [1] 6/19
Osborne [1] 6/20
other [6] 5/9 7/4 8/1 8/12 9/6 9/22
otherwise [2] 5/16 8/6
our [2] 7/17 8/18
out [3] 5/17 6/18 8/14
out-of-circuit [1] 6/18
outweigh [1] 10/8
overall [1] 4/23
owes [2] 5/2 5/6
owing [1] 5/15

P

PAR [5] 1/9 1/9 3/5 3/10 3/18
part [1] 5/14
parties [1] 8/9
party [1] 5/4
passed [2] 5/23 7/24
peace [1] 7/11
PEELER [1] 2/10
people [1] 10/9
personal [4] 5/20 9/14 9/15 9/16
ph [1] 6/19
phone [1] 6/2
picture [1] 5/18
piece [3] 5/17 5/18 5/20
place [1] 7/8
plaintiff [4] 1/7 2/3 3/12 3/15
pleadings [1] 8/19
please [1] 3/7
point [1] 10/6
Posner [4] 9/12 9/15 9/18 9/18
Posner's [3] 7/14 10/2 10/11
possession [2] 6/10 6/23
potentially [2] 6/15 8/3
practices [2] 4/24 4/25
present [2] 6/10 6/23
PRESIDING [1] 1/4
pressure [1] 7/22
proceedings [3] 1/15 10/20 11/9
promptly [1] 8/8
property [8] 5/13 5/17 5/19 5/20 9/14 9/15 9/16 9/19
proposition [1] 9/1
protection [1] 9/9
provides [1] 4/18
provision [1] 6/11
provisions [1] 6/1
pulled [2] 4/15 4/17
purposes [1] 6/6
pursuant [1] 11/6

Q

quagmire [1] 10/15
questions [1] 9/23
quite [1] 4/8

R

raising [1] 3/22
rarely [1] 4/3
reaction [1] 4/4
reading [1] 9/10
real [1] 5/19
really [5] 4/9 6/21 7/5 9/11 9/22
reason [4] 6/12 7/6 7/7 9/3
reasoned [1] 10/8
reasoning [1] 10/7
record [2] 3/8 8/2
referenced [1] 6/12
regard [1] 9/11
regulations [1] 11/10
remedy [1] 9/8
remember [1] 3/23
reply [1] 7/17
Repo [1] 3/24
reported [1] 11/8
Reporter [1] 11/16
REPORTER'S [1] 1/15
reposses [1] 5/19
repossesses [1] 7/22
repossessions [1] 5/13
repossessor [4] 6/25 7/19 7/21 9/14
repossessors [1] 4/19
require [1] 8/9
required [1] 8/11
reviewed [1] 3/20
right [6] 6/10 6/17 6/23 7/15 9/25 10/13
rights [1] 4/2
rise [1] 8/19
Room [1] 1/24
ruled [1] 10/4
ruling [1] 10/12

S

said [3] 6/4 6/5 9/15
say [5] 4/6 9/5 9/12 9/18 9/19
Scenes [1] 4/7
section [2] 4/18 11/6
security [19]
Seventh [1] 7/14
sheer [1] 7/3
shot [1] 9/10
should [2] 7/10 8/8
side [2] 4/2 8/12
since [1] 4/8
situation [2] 7/17 7/23
slightly [1] 4/1
so [8] 3/24 7/22 8/4 8/8 9/7 9/10 9/16 9/20
solid [1] 8/18
some [1] 10/6
somebody [1] 5/15
something [2] 3/25 10/4
specifically [2] 6/6 9/5
specified [1] 7/24
spend [1] 8/5
Spring [1] 1/24
stage [1] 8/3
state [1] 3/7
STATES [3] 1/1 11/7 11/11
stating [1] 8/20
statute [5] 7/8 9/9 9/10 10/16 10/17
statutes [1] 7/9
statutory [1] 9/2
stenographically [1] 11/8
Street [1] 1/24
strength [1] 10/7
sub [1] 5/23
subdivision [2] 4/16 6/14
submission [1] 10/1
submit [1] 9/23
subsection [1] 8/24
suggest [1] 8/6
Suite [3] 2/4 2/8 2/12
summary [6] 8/3 8/7 8/7 8/10 8/12 8/15

T

take [2] 9/25 10/10
talking [3] 5/5 5/21 7/23
talks [2] 5/1 6/9
targeting [1] 5/7
tentative [7] 3/17 3/20 4/14 6/18 6/19 9/3 9/23
term [1] 10/10
thank [9] 3/19 3/20 8/20 8/21 8/25 10/13 10/14 10/18 10/19
that [47]
that's [7] 4/10 5/21 6/16 7/22 7/23 9/6 9/16
their [1] 9/5
them [1] 8/13
then [7] 7/9 8/15 9/5 9/7 9/18 9/19 10/11
theory [1] 4/3
there [4] 5/14 7/3 9/3 9/19
there's [6] 6/10 7/2 7/10 7/11 7/13 9/15
therefore [2] 7/2 7/13
Thereupon [1] 10/20
these [2] 4/2 9/5
they're [1] 7/7
thing [1] 9/12
things [2] 5/1 6/2
think [3] 4/11 4/20 9/20
third [1] 5/3
this [10] 3/25 4/5 4/8 5/22 6/9 6/17 8/22 9/6 9/19 10/5
those [11] 4/20 5/4 6/1 6/2 6/20 6/21 6/24 7/4 7/7 7/9 8/5
through [2] 3/25 4/8
time [2] 8/5 8/13
times [1] 5/3
Title [1] 11/7
today [1] 8/5
together [2] 4/21 7/7
too [1] 5/3
towards [1] 5/7
Town [1] 2/11
transcript [3] 1/15 11/8 11/10
true [1] 11/7
TRUEBLOOD [3] 2/3 2/3 3/12
try [1] 5/7
trying [1] 5/16
two [1] 4/20
type [1] 7/8
types [1] 5/11

U

U.S [2] 1/23 11/16
ultimately [1] 10/7
under [3] 7/2 8/23 9/25
Understood [1] 8/16
UNITED [3] 1/1 11/7 11/11
unless [1] 9/22

V

valid [4] 6/10 6/12 7/20 7/24
validity [3] 6/23 7/1 7/12
vehicle [1] 5/21
vehicles [1] 5/14
very [3] 3/20 4/3 6/3
violation [1] 9/20

W

want [3] 8/5 8/15 9/12
wants [1] 7/21
was [11] 3/22 3/24 3/24 3/25 4/4 5/25 6/13 6/15 7/18 9/14 9/19
way [2] 7/4 10/10
we [8] 4/11 4/12 7/6 7/17 8/2 9/10 9/20 10/15
we'll [1] 8/3
we're [4] 5/5 5/21 7/23 9/23
we've [1] 8/18
weirdly [1] 10/17
weirdly-worded [1] 10/17
well [5] 3/15 3/22 9/15 9/25 10/8
well-reasoned [1] 10/8
were [5] 7/15 7/16 7/18 7/19 10/6
West [1] 4/1

W

WESTERN [1] 1/3
what [6] 3/25 4/6 4/12 4/19 4/21 5/21
what's [1] 8/4
when [8] 4/21 5/23 6/10 7/6 7/18 7/19 7/24 10/3
whenever [1] 8/15
where [4] 6/20 6/21 7/17 10/9
whether [3] 7/10 7/11 8/7
which [2] 4/18 5/13
why [2] 7/23 9/16
Wild [1] 4/1
will [1] 10/10
willing [1] 9/23
Wilshire [1] 2/4
without [2] 7/5 9/7
worded [1] 10/17
would [4] 6/12 9/3 9/20 10/5
www.lisamariecsr.com [1] 1/25

Y

you [23]
you're [4] 5/14 5/18 5/19 8/12
you've [2] 5/9 5/17
your [16]
Your Honor [3] 4/9 4/14 8/1

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is 650 Town Center Drive, Suite 1200, Costa Mesa, CA 92626-1925.

On September 30, 2016, I served true copies of the following document(s) described as **DECLARATION OF DONALD E. BRADLEY IN SUPPORT OF DEFENDANT PAR, INC. DBA PAR NORTH AMERICA'S MOTION FOR SUMMARY JUDGMENT BASED ON SUBSEQUENT FACTS** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☒ **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Musick, Peeler & Garrett LLP for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at Costa Mesa, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 30, 2016, at Costa Mesa, California.

*/s/ April M. Yusay*
April M. Yusay

MUSICK, PEELER & GARRETT LLP
ATTORNEYS AT LAW

1012836.1

3

DECLARATION OF DONALD E. BRADLEY IN SUPPORT OF DEFENDANT PAR, INC. DBA PAR NORTH AMERICA'S MOTION FOR SUMMARY JUDGMENT BASED ON SUBSEQUENT FACTS

**SERVICE LIST**

Alexander B. Trueblood
TRUEBLOOD LAW FIRM
10940 Wilshire Boulevard, Suite 1600
Los Angeles, CA 90024
Phone: (310) 443-4139
Fax: (310) 943-2255
Email: alec@hush.com; atrueblood@pacernotice.com
*Attorneys for Plaintiff*

Brandon A. Block
LAW OFFICES OF BRANDON A. BLOCK
433 North Camden Drive, Suite 600
Beverly Hills, CA 90210
Phone: (310) 887-1440
Fax: (310) 496-1420
Email: brandon@bblocklaw.com
*Attorneys for Plaintiff*

MUSICK, PEELER & GARRETT LLP
ATTORNEYS AT LAW

1012836.1

4

DECLARATION OF DONALD E. BRADLEY IN SUPPORT OF DEFENDANT PAR, INC. DBA PAR NORTH AMERICA'S MOTION FOR SUMMARY JUDGMENT BASED ON SUBSEQUENT FACTS