VEDDER PRICE (CA), LLP
CHRISTOPHER R. RAMOS (SB# 301556)
cramos@vedderprice.com
1925 Century Park East, Suite 1900
Los Angeles, California 90067
T: +1 424 204 7700
F: +1 424 204 7702

VEDDER PRICE P.C.
BLAINE C. KIMREY *(Pro hac vice pending)*
bkimrey@vedderprice.com
JEANAH PARK *(Pro hac vice pending)*
jpark@vedderprice.com
222 North LaSalle Street
Chicago, Illinois 60601
T: +1 312 609 7500
F: +1 312 609 5005

*Attorneys for Defendant PAR, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

BARBARA A. CLARK,

Plaintiff,

v.

PAR, INC. dba PAR NORTH AMERICA, COUNTRYWIDE TOWING, INC. dba RELIABLE RECOVERY SOLUTIONS, and DOES 1 through 10, inclusive,

Defendants.

Case No. 2:15-cv-02322-MWF-FFM

**DECLARATION OF BLAINE C. KIMREY IN SUPPORT OF DEFENDANT PAR, INC. DBA PAR NORTH AMERICA'S MOTION TO COMPEL ARBITRATION AND STAY ACTION**

Hon. Michael W. Fitzgerald

Date: February 27, 2017
Time: 10:00 a.m.
Courtroom: 5A

Trial Date: September 26, 2017
Action Filed: March 28, 2015

# DECLARATION OF BLAINE C. KIMREY

I, Blaine C. Kimrey, hereby declare and state as follows:

1. I am an attorney with the law firm of Vedder Price P.C., and I represent defendant PAR, Inc. dba Par North America, Inc. ("PAR") in the above-referenced matter.

2. I am over the age of 21, I am competent to make this Declaration, and the facts set forth in this Declaration are based on my personal knowledge.

3. This declaration is made pursuant to Local Civil Rule 7-3 to set forth my intent to file PAR's motion to compel arbitration and motion to stay proceedings and a potential resolution of those motions.

4. On January 20, 2017 at 11 a.m. Pacific, I held a telephone conference with Alexander Trueblood and Brandon Block, who are counsel for Plaintiff Barbara Clark ("Plaintiff"), along with Victor Groia (counsel for defendant Reliable Recovery Services ("Reliable")) and my colleague, Jeanah Park, who also represents PAR in this matter.

5. During the January 20, 2017 teleconference, I informed Mr. Trueblood, Mr. Block and Mr. Groia that PAR intended to file a motion to compel arbitration and a motion to stay proceedings pending a decision on arbitrability. I asked Mr. Trueblood, Mr. Block and Mr. Groia if Plaintiff and Reliable would oppose the motion to compel arbitration or the motion to stay proceedings.

6. Mr. Groia, on behalf of Reliable, informed me that Reliable would not oppose the motion to compel arbitration or motion to stay proceedings.

7. Mr. Trueblood and Mr. Block informed me that Plaintiff would oppose the motion to compel arbitration and would likely oppose the motion to stay proceedings.

8. During the January 20, 2017 call, counsel agreed to schedule a follow-up call to determine if a resolution on either the motion to compel arbitration or motion to stay proceedings could be reached. We scheduled a follow-up call for January 24, 2017 at 2 p.m. Pacific.

9. On January 24, 2017, at 2 p.m. Pacific, Mr. Trueblood, Mr. Block, Mr. Groia, Ms. Park and I attended a teleconference during which we discussed PAR's intent to file the motion to compel arbitration and motion to stay proceedings. Mr. Block and Mr. Trueblood informed me Plaintiff still intended to oppose the motion to compel arbitration and motion to stay proceedings.

10. The current fact discovery cutoff date is February 3, 2017. Plaintiff's deposition began on December 14, 2016. Because Plaintiff lost her glasses and could not read documents comfortably or reliably, the former counsel for PAR and Mr. Trueblood agreed to continue Plaintiff's deposition.

11. The previously-noticed Rule 30(b)(6) deposition of Reliable has not yet been scheduled. The deposition of the repossession agent who conducted the repossession of Plaintiff's car also has not been scheduled.

12. Because Plaintiff intends to oppose PAR's motion to stay proceedings, I asked Mr. Trueblood whether, if PAR proceeded to take Plaintiff's continued deposition and the depositions of Reliable and the repossession agent before the February 3, 2017 fact discovery cutoff date, Mr. Trueblood would use the taking of those depositions to argue that PAR waived its right to arbitration by complying with the Court's discovery deadlines.

13. Mr. Trueblood informed me that if PAR proceeded to take Plaintiff's continued deposition or any depositions, he would use the taking of those depositions to argue that PAR waived its right to arbitrate.

14. On January 20, 2017 at approximately 9:15 a.m. Pacific, I spoke by telephone with Peiyin Patty Li, Deputy Attorney General for Intervenor the State of

California. During the call, I informed Ms. Li that PAR intended to file a motion to compel arbitration and motion to stay proceedings. Ms. Li informed me that the State of California will not oppose PAR's motion to compel arbitration or motion to stay proceedings.

15. The parties currently are scheduled to engage in a private mediation through JAMS with Hon. Ronald M. Sabraw (Ret.) on February 22, 2017 in Los Angeles. PAR intends to proceed with mediation in good faith.

I declare under penalty of perjury under the laws of the United States that the foregoing statements are true and correct.

Dated: January 27, 2017

BLAINE C. KIMREY

# CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2017, a copy of the foregoing **DECLARATION OF BLAINE C. KIMREY IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND STAY ACTION** was filed electronically and served by U.S. Mail on anyone unable to accept electronic filing.

Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's EM/ECF System.

*/s/ Christopher Ramos*